Rinehart *v.* Rinehart.

No. 9145.

RINEHART *v.* RINEHART.

DEED.—*Covenants.*—*Encumbrance.*—*Agreement.*—*Delinquent Taxes.*—A. conveyed lands to B. by deed with covenants, upon which there were delinquent taxes, which B. afterwards paid. To a suit for breach of the covenants A. answered: 1. A written contract, contemporaneous with the deed, whereby it was agreed that the covenants of the deed should only be deemed to warrant the title against all conveyances and incumbrances made by A., and all acts done or suffered by him; 2. That A. had abundant other property out of which the treasurer could have made the taxes., *Held,* that both defences were bad on demurrer.

From the Clinton Circuit Court.

*J. C. Suit,* for appellant.

*S. H. Doyal* and *P. W. Gard,* for appellee.

FRANKLIN, C.—Appellee sued appellant to recover delinquent taxes paid by appellee upon lands conveyed by appellant to appellee by warranty deed.

Appellant answered in three paragraphs: 1st. A denial; 2d. That in connection with the execution of the deed, there was also executed a written agreement between the parties, which contained the following stipulation: "That the said covenant of warranty shall• extend no farther and have no more effect than a covenant to warrant and defend said title against any and all conveyances, mortgages, or other encum-

brances made or executed by him, or acts done or suffered to be done by him, the said Allen Rinehart."

The third paragraph of answer alleged that the appellant had plenty of other property out of which the taxes could have been made by the treasurer of the county, and that the payment by appellee was voluntarily made.

A demurrer was sustained to the second and third paragraphs of answer.

There was a trial and a judgment for the appellee for the amount of the taxes so paid.

The error assigned is the sustaining of the demurrer to the second and third paragraphs of the answer.

We think that the suffering of the accumulation of delinquent taxes upon the land by the appellant while he owned it, and the permitting such unpaid taxes to remain after the execution of the deed, as an encumbrance upon the land conveyed, were breaches of the warranty in the deed; that the obligation on the part of appellant to pay the same was not released by the contemporaneous written agreement. Appellee had a right to remove the encumbrance and recover the amount thereof from the appellant.

The fact that appellant had sufficient property to pay the taxes did not amount to a payment and removal of the encumbrance. Appellee had a right to protect his title by paying the encumbrance, and in doing so he was not a volunteer.

There was no error in sustaining the demurrers to the second and third paragraphs of the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment in the court below be and it is in all things affirmed, with costs.

Filed October 13, 1883.