# CHARLESTON.

• ROBEY v. WILSON

Submitted October 7, 1919. Decided October 14, 1919.

TAXATION—*Mistake in Description of Land Sold Cured by Statute.*

The assessment and sale of a town lot for delinquent taxes under the designation. of Lot No. 19, in the Williams Addition to the City of Clarksburg, when in fact the lot so sold and conveyed by the clerk's deed to the tax purchaser is composed of a part of said lot No. 19 and a part of an adjoining lot, is not void, such mistake in the description being cured by section 25, chapter 31, Code.

'(MILLER, and LYNCH, JUDGES, dissenting).

Appeal from Circuit Court, Harrison County.

Suit by Alva J. Robey against F. S. Wilson. Decree for defendant, dismissing the bill, and plaintiff appeals.

*Affirmed.*

*E. D. Lewis* and *E. Bryan Templeman,* for appellant.
*W. B. Gribble* and *W. G. Stathers,* for appellee.

WILLIAMS, JUDGE:

Plaintiff, Alva J. Robey, has appealed from a decree of the circuit court of Harrison county made on the 24th day of May, 1918, denying relief and dismissing his bill, in a suit brought to annul a tax deed as being a cloud upon his title to a lot situated in the Williams Addition to the City of Clarksburg.

He acquired title by deed from Minnie W. Fenton and J. T. Fenton her husband, dated February 6th and recorded February 14th, 1911; As the law then was property was assessed as of the 1st of January instead of the 1st of April. The lot was assessed for that year in the name of Minnie W. Fenton as Lot "No. 19 Williams Addition," and the taxes not being paid the lot was returned delinquent and sold by the sheriff in the month of December, 1913, in the name of Minnie W. Fenton and purchased by F. S. Wilson, the

defendant, and not being redeemed within one year there-
after, the purchaser procured a deed from the clerk of the
County Court of Harrison County, dated the 22nd of Jan-
ary, 1916.

The cause was heard upon bill and exhibits, answer and
general replication thereto and an agreed statement of facts.
The record presents but one question, that is, whether or not
there is a fatal error in the description of the lot in the
assessment and the sheriff's delinquent list. A plat of the sur-
vey of the lots and streets of the Williams Addition was
made in October, 1900, and admitted to record in the clerk's
office of the county court of Harrison county on November
8th, following. Two contiguous lots on said plat, Nos. 18 and
19, front on Waldeck Street and extend back a distance of
135 feet, parallel with Lang Avenue to an alley. Lot No. 19
is bounded on one side by the line of Lang Avenue and
fronts 53.5 feet on Waldeck Street. Lot No. 18 has a front-
age of 40 feet on Waldeck Street and is bound on the west
by Lot No. 19 and on the east by Lot No. 17. Both No. 18
and No. 19 extend back to an alley.

J. B. Burch became the owner of both lots, Nos. 18 and 19,
and about the year 1900 divided the two into three lots, by
lines extending across the lots from Lang Avenue, parallel
to Waldeck Street, to the dividing line between lots No. 17
and No. 18, thus making three lots fronting on Lang Avenue
instead of two fronting on Waldeck Street as before. Said
Burch conveyed one of the newly formed lots, the one bord-
ering on Waldeck Street to Minnie W. Fenton, November 17,
1900, and thereafter, in February 1911, she and her husband
conveyed it to plaintiff. No plat of the new lots appears to
have been filed nor were they designated by new numbers;
Mrs. Fenton's lot was assessed on the land book as No. 19,
and both the other new lots as No. 18. The conveyance of
the lot in question from Mrs. Fenton and her husband to
plaintiff describes it by metes and bounds, as being parts of
No. 18 and No. 19, and as being situate "in what is known as
James E. Williams Addition" to the City of Clarksburg, and
refers to the plat of said addition on record, mentioning the
deed book and page where found.

Before the clerk made his deed defendant had the surveyor to make a survey and report, giving a description of the lot by metes and bounds, and his description corresponds to that in the deed from Minnie W. Fenton and husband to plaintiff, and the clerk followed it in his deed to defendant.

While the designation of the lot as No. 19 on the assessor's books is not strictly accurate, such an error is not fatal to the validity of the tax sale. It amounts to a misstatement of the quantity of land sold, and such errors are cured by section 25, chapter 31, Code.

The question presented is analogous to the one before this court in *Cain* v. *Fisher,* 57 W. Va. 492, where the sheriff's report of sale showed a part of lot No. 138 was sold, whereas the clerk's deed conveyed the entire lot, referring to the surveyor's report for a description of the lot sold. The difference between the two cases is, that there the lot sold was described in the sheriff's return as only a part of the lot and here it is described as lot No. 19, meaning all of it, whereas the delinquent tax-payer's lot was a part of No. 19 and a part of No. 18. The question is practically the same in the two cases, and falls under the head of misdescription of quantity, which is cured by the statute. Our conclusion is to affirm the decree.       *Affirmed.*