68 S.E.2d 74 (1951)
BAILEY
v.
BAKER et al.
No. 10396.
Supreme Court of Appeals of West Virginia.
Submitted October 2, 1951.
Decided December 18, 1951.
Rehearing Granted March 11, 1952.
*75 W. J. Daugherty, J. Howard Hundley, Charleston, for appellant.
George C. Duffield, Charleston, for appellee.
RILEY, Judge.
This suit in equity was brought in February 23, 1951, in the Circuit Court of Kanawha County by Marie Bailey, the grantee in a certain tax deed from Paul E. Wehrle, Clerk of the County Court of Kanawha County, dated June 1, 1944, against O. S. Baker, who asserts herein that he occupies the status of the former owner of the property in controversy, as assignee of the devisee of J. A. Caufield, deceased, in whose name the property was declared delinquent in 1941, and Paul E. Wehrle, clerk as aforesaid, in which suit the plaintiff seeks to have the defendant, O. S. Baker, enjoined from prosecuting a pending action in ejectment, which the latter instituted in the Circuit Court of Kanawha County against the plaintiff, and that the defendant, Paul E. Wehrle, clerk as aforesaid, be compelled to correct the tax deed of June 1, 1944, so that the description of the property purported to be conveyed shall be changed from "Lot 182, Block B, Homedale Addition, 18th Ward, Kanawha County, West Virginia", to "Lots 1 and 2, Block B, Homedale Addition, 18th Ward, Kanawha County, West Virginia." From the final decree complained of, entered on April 10, 1951, overruling the demurrer of the defendant Baker to plaintiff's bill of complaint, submitting this suit on bill and answer of the defendant, O. S. Baker, and the record in the action of ejectment, begun in August, 1950, and overruling the defendant Baker's motion to dissolve the temporary injunction theretofore issued, this appeal is prosecuted.
O. S. Baker, defendant in the equity suit, had at August rules, 1950, instituted an action of ejectment against the plaintiff in the present suit to recover possession of the *76 two vacant lots, known as "Lots 1 and 2 of Block B, Homedale Addition to Charleston." This action was tried before a jury in the Circuit Court of Kanawha County to a point where both parties thereto made motions for directed verdicts. The circuit court refused to rule on these motions at that time, and suggested the bringing of this suit in chancery on the part of the defendant in the action in ejectment against the plaintiff therein, seeking an injunction restraining the prosecution of that action. Thereupon, the plaintiff herein, Marie Bailey, brought this suit in equity against the defendant, O. S. Baker, and the county clerk, in which the record in the action in ejectment was filed with the bill of complaint.
The entire controversy giving rise to the action in ejectment and the bringing of this suit in equity grew out of an error on the part of the Assessor of Kanawha County, in that from 1918, to and including 1941, Lots Nos. 1 and 2 of said Homedale Addition to Charleston were not entered on the land books of Kanawha County, but instead the only property shown on the land books to belong to the former owner, J. A. Caufield, was "Lot 182" in Block B, Homedale Addition.
In order to set forth the manner in which the error occurred, a delineation of the various conveyances in the title of the defendant herein, O. S. Baker, is required: On May 15, 1917, A. B. McCrum and J. S. Lakin and wife conveyed to James A. Caufield Lots Nos. 1 and 2 in Block B, Homedale Addition to Charleston. In due course the property should have been entered on the land books of Kanawha County in the name of the purchaser Caufield for the year 1918; but the record in the ejectment action clearly shows that for the year 1918 and for all the years following, to and including the year 1941, they were incorrectly placed on the land books in the name of J. A. Caufield as "Lot 182, Block B, Homedale Addition". This error may be explained by the use of the sign "&" (ampersand) between the figures "1" and "2", which appears on the blotter of the assessor's office for the year 1917, used in making the 1918 assessment, which rather plainly resembles the figure "8"; and, therefore, the assessor in making up the land books for the year 1918, charged J. A. Caufield with "Lot No. 182", though the proper assessment was lots "1" and "2", Block B, Homedale Addition. So the assessment was thus continued to and including the year 1944; and thereafter the lots were entered properly as "Lots 1 & 2", Block B, Homedale Addition to Charleston. During the period from 1918 to 1944 Lots Nos. 1 and 2 in Block B of Homedale Addition to Charleston were not assessed on the land books of Kanawha County.
J. A. Caufield died in Lynchburg, Virginia, about the year 1935. By his last will and testament, probated in the Corporation Court of the City of Lynchburg, on December 24, 1935, he directed that all his just debts be paid, and devised and bequeathed all of the residue of his estate "real, personal and mixed, wherever situated", to his wife, Fannie L. Caufield, which record of probate is recorded in the office of the Clerk of the County Court of Kanawha County, West Virginia.
On May 11, 1950, Fannie L. Caufield, as the devisee of James A. Caufield, deceased, conveyed to the defendant herein "all those two certain lots or parcels of real estate, situate in Charleston District, Kanawha County, West Virginia, and known as Lots Numbers One (1) and Two (2), in Block `B' in the Homedale Addition to Charleston, West Virginia, as shown upon the map thereof filed and recorded in the office of" said county clerk. The deed recites that the property conveyed is the same property conveyed to James A. Caufield by A. Bliss McCrum and J. S. Lakin and wife, by deed dated May 15, 1917, and likewise it refers to the will of James A. Caufield. This deed was recorded in the county clerk's office of Kanawha County on May 12, 1950; and on the same day Baker, through his attorney, W. J. Daugherty, Esq., redeemed the lots from the state auditor, the certificate of redemption describing the property as "Lots 1 & 2 Blk BHomedale Add. situate in *77 Kanawha County, Charleston District, delinquent or forfeited in the name of: Caufield, J. A., 1936 to 1944." Daugherty testified in the action in ejectment that the certificate of redemption recites that he paid the taxes for the years 1936 to 1944, both inclusive, which paid all the taxes in full, the taxes accruing prior to 1936 having been released by Section 39, Article 4, Chapter 160, Acts of the Legislature, Regular Session, 1947.
The assessment of lot "182" in the name of James A. Caufield for the years 1918 to 1944, both inclusive, and the regular payment of taxes by James A. Caufield and his devisee from 1918 to and including 1940, is fully proved in this record. The taxes for the year 1941 were not paid, and the property was returned delinquent as to lot "182", Block B, Homedale Addition, for that year, and was sold by the Sheriff of Kanawha County and purchased by the plaintiff herein in December, 1942. The property not having been redeemed within the time prescribed by statute, the plaintiff, Marie Bailey, requesting a deed for the property purchased by her, described as "Lot 182", a report was made by the county surveyor, which contains the following language:
"Now, therefore, pursuant to Article 3, Section 21 of Chapter 117 of the Official Code of West Virginia, I herewith report as follows: The above mentioned real estate is described in purchasers receipt as follows: Lot 182, Block B, Homedale Addition. I do not find any such lot of record in the Office of the Clerk of the Kanawha County Court. I do find that J. A. Caufield is the owner of all those two certain lots or parcels of land situate in Charleston District, Kanawha County, West Virginia, known as Lot Nos. one (1) and two (2), Block `B', in the property plans known as Homedale Addition to Charleston, West Virginia, and laid out in lots, streets and alleys on map of same by G. J. Floyd, C. E., filed and recorded in the Office of the Clerk of the County Court of Kanawha County, West Virginia, and to which reference is here made, which said lots front eighty feet (80 ft.) on one street and extend back one hundred and fifteen feet (115 ft.) to a ten foot (10 ft.) alley, and said plan being recorded on Map Book 1, Page 172 (correction: Map Book 3, Page 40) of the records of said Kanawha County."
Following this report, another report by Daniel W. Ambrose, representing the plaintiff, Marie Bailey, of like tenor was filed in the county court clerk's office, and on the basis of the sheriff's receipt for the purchase money, likewise filed, the defendant, Paul E. Wehrle, county clerk as aforesaid, executed and delivered to the plaintiff, Marie Bailey, a deed for the real estate so purchased, "situate in Charleston Rural District, Kanawha County, West Virginia, bounded and described as follows: Being Lot 182, Block B, Homedale Addition, Charleston Rural, Kanawha County, West Virginia," and the deed recites that it is the same property which is described in the sheriff's receipt for the purchase money, attached to and made a part of the deed.
The pivotal questions are: (1) Has there been a forfeiture of Lots Nos. 1 and 2, Block B, Homedale Addition; and (2) if so, did the redemption thereof from the state auditor on May 12, 1950, by the defendant, O. S. Baker, through his attorney, W. J. Daugherty, vest title in him, as the assignee of the devisee of James A. Caufield, the former owner? If both these questions are answered in the affirmative, the assessment as to Lot No. "182" in Block B, is void, and the deed of Wehrle, county clerk, to plaintiff, Marie Bailey, is likewise void.
Chapter 117, Article 3, Acts of the Legislature, 1941, has superseded all statutes dealing with the sale of lands for taxes at sheriffs' sales; the title acquired by the State; the title acquired by an individual purchaser; the deed of such purchaser; and the right to set aside a tax sale or deed: (1) when all taxes have been paid by the landowner or someone for him before the sale; (2) the right to set aside a deed improperly obtained; and (3) the right to set aside a deed when one entitled to notice is not notified.
*78 The question immediately before us is whether Sections 28 and 29, Article 3, Chapter 117, validate the instant deed. Section 28, entitled "Title Acquired by Individual Purchaser", and Section 29, entitled "Effect of Irregularity on Title Acquired by Purchaser", read, respectively, as follows:
"Sec. 28. Title Acquired by Individual Purchaser.Whenever the purchaser of any real estate sold at a tax sale, his heirs or assigns, shall have obtained a deed for such real estate from the clerk of the county court or from a commissioner appointed to make the deed, he or they shall thereby acquire all such right, title and interest, in and to the real estate, as was, at the time of the execution and delivery of the deed, vested in or held by any person who was entitled to redeem, unless such person is one who, being required by law to have his interest separately assessed and taxed, has done so and has paid all the taxes due thereon, or unless the rights of such person are expressly saved by the provisions of sections sixteen, thirty, thirty-one, thirty-two or thirty-five of this article. The tax deed shall be conclusive evidence of the acquisition of such title. The title so acquired shall relate back to January first of the year in which the taxes, for nonpayment of which the real estate was sold, were assessed.
"Sec. 29. Effect of Irregularity on Title Acquired by Purchaser.No irregularity, error or mistake in respect to any step in the procedure leading up to and including delivery of the tax deed shall invalidate the title acquired by the purchaser unless such irregularity, error or mistake is, by the provisions of sections sixteen, thirty, thirty-one, or thirty-two of this article, expressly made ground for instituting a suit to set aside the sale or the deed.
"This and the preceding section are enacted in furtherance of the purpose and policy set forth in section one of this article." These two sections were to a large extent taken from Chapter 130, Section 25, Acts of the Legislature, 1882, which section was later incorporated, with only minor changes, in Code, 11-10-22.
Chapter 130, Section 25, Acts of the Legislature, 1882, was a part of the statutory law of this State when this Court decided the cases of Cunningham v. Brown, 39 W.Va. 588, 20 S.E. 615; and Boggess v. Scott, 48 W.Va. 316, pt. 1 syl., 37 S.E. 661, which held that a county clerk's deed conveying property sold by a sheriff at a tax sale is void where the sale and deed are based upon an invalid assessment. This case, in our opinion, does not come within the language of Section 29, Article 3, Chapter 117, Acts of the Legislature, 1941, which deals with an "irregularity, error or mistake in respect to any step in the procedure leading up to and including delivery of the tax deed." Here we are concerned with a discrepancy in the identity of the property, which defendant, O. S. Baker, as assignee of the devisee of the former owner, had the right to redeem from the state auditor, if there was a forfeiture for nonentry. Surely, Lots Nos. 1 and 2, Block B, Homedale Addition to Charleston were not returned delinquent for 1941 taxes, sold by the sheriff, and described in the deed of the county clerk to the plaintiff, Marie Bailey; nor is it the property described in the sheriff's receipt for the purchase money. The county clerk's deed describes the property which the deed purports to convey as "Being Lot 182, Block B, Homedale Addition, Charleston Rural, Kanawha County, West Virginia." But it may be contended that Section 28 serves to validate the county clerk's deed. This section provides that "Whenever the purchaser of any real estate sold at a tax sale, his heirs or assigns, shall have obtained a deed for such real estate from the clerk of the county court * * * he or they shall thereby acquire all such right, title and interest, in and to the real estate, as was, at the time of the execution and delivery of the deed, vested in or held by any person who was entitled to redeem * * *." And, further, Section 28 provides that the tax deed shall be conclusive evidence of the acquisition of such title. By "such title" the statute expressly refers *79 to the title of the person or persons entitled to redeem, who, in this case, is O. S. Baker, the assignee of the devisee of the former owner, J. A. Caufield; but Baker had the right to redeem Lots Nos. 1 and 2 and not lot "182", which describes a non-existent property.
Lots Nos. 1 and 2 not having been entered for taxes on the land books of Kanawha County from 1918 to 1944, inclusive, there was a forfeiture to the State, under Section 2, Article 4, Chapter 160, Acts of the Legislature, 1947; and as these lots were not certified by the state auditor for sale for the benefit of the school fund, under Article 4, of Chapter 160, Acts of the Legislature, 1947, Baker's redemption of the lots was timely under Section 8, Article 3, Chapter 160, Acts of the Legislature, 1947, which provides that "The former owner of any real estate forfeited to the state for nonentry, or any other person who was entitled to pay the taxes thereon, may redeem such real estate from the auditor at any time prior to its certification". (Italics supplied).
As this case does not involve an error as to the quantity of the land charged and sold under Section 25, Chapter 130, Acts of the Legislature, 1882, it is to be distinguished from the cases of Cain v. Fisher, 57 W.Va. 492, 50 S.E. 752, 1015; Robey v. Wilson, 84 W.Va. 738, 101 S.E. 151; and Leach v. Weaver, 89 W.Va. 49, 108 S.E. 494. On the contrary, the case of Hardman v. Ward, W.Va., 67 S.E.2d 537, 538, governs this case. Points 1 and 2 of the syllabus in the Hardman case read as follows:
"1. Section 31, Article 3, Chapter 117, Acts of the Legislature, 1941, which provides that the owner of property, his heirs or assigns, or the person who has redeemed the property may on or before December thirty-first of the third year following a tax sale bring a suit in equity to set aside a deed improperly obtained; and Section 32, Article 3, Chapter 117, Acts of the Legislature, 1941, which provides for the right of one entitled to notice, who was not served, to bring a suit to set aside a tax deed on or before December thirty-first of the third year following a tax sale, are not applicable to a case in which the tax deed is sought to be set aside on the ground that the sale was invalid and the county court clerk's deed, made pursuant thereto, was void because of an erroneous assessment.
"2. A tax sale based upon an invalid assessment is void, and a deed made by the county clerk to a tax purchaser, pursuant to such sale, constitutes a cloud on the owner's title, which the latter has the right to have removed in a court of equity."
It follows from the foregoing that: (1) Defendants' position that the notice in the instant case is insufficient presents a question which is moot; (2) that as Lots Nos. 1 and 2, Block B, Homedale Addition, were not entered on the land books of Kanawha County for the years 1918 to 1944, both inclusive, there was a forfeiture to the State; and (3) that the defendant, O. S. Baker, through his attorney, W. J. Daugherty, as shown by the auditor's certificate of redemption of May 12, 1950, effectively redeemed the land from the State of West Virginia; and, as a necessary corollary to the foregoing, notwithstanding the plaintiff's tax deed, which is void and simply a cloud on defendant Baker's title, defendant Baker is the owner of the lots in controversy, and, as such, in a proper proceeding would be entitled to have the plaintiff's tax deed cancelled as a cloud on title.
We therefore reverse the final decree of the Circuit Court of Kanawha County, entered on April 10, 1951, and remand this case with directions that the injunction heretofore issued by the said circuit court be dissolved and plaintiff's bill of complaint dismissed.
Reversed and remanded with directions.
FOX, President (dissenting).
I am unable to agree with the ruling of the majority as the same is expressed in point 1 of the syllabus in this case, and, therefore, file this dissent.
I do not believe that the clerical error of the assessor of Kanawha County, in misdescribing *80 the lots involved in this litigation, considering the fact that such mistake was acquiesced in by the State and the property owner for more than twenty years, operated to forfeit to the State the title to Lots 1 and 2 in Block B, of Homedale Addition to Charleston. The assessment, being sufficient to save said lots from forfeiture, was sufficient to pass title under the tax deed under which plaintiff claims, provided said tax deed in itself was legal and effective, as of the date of the decree appealed from.
It is clear that under the ruling in the case of State v. Tavenner, 49 W.Va. 696, 39 S.E. 649, if the assessment of Lots 1 and 2 in Block B, Homedale Addition to Charleston, assessed by mistake as Lot "182" in said addition, did not save said lots, as correctly described, from forfeiture to the State, then there was no basis for the tax deed which the plaintiff later obtained, because it was based upon a void assessment, and gave her no title to Lots 1 and 2. This principle has been upheld in the recent case of Hardman v. Ward, W.Va., 67 S.E.2d 537. Any tax deed must have as its solid basis a valid assessment, and unless a court of equity may, in the circumstances of this case, hold that the mistaken and improper assessment which was clearly made in this case, nevertheless constituted a legal assessment of Lots 1 and 2, as correctly described, then the deed to the plaintiff is void.
I am of the opinion that the incorrect assessment, in the name of J. A. Caufield, of the lots he purchased in 1917, as said assessment appears on the land books of Kanawha County, for the year 1918, and up to and including the year 1941, a period of twenty-four years, was under the circumstances of this case, sufficient to save, from forfeiture for nonentry, Lots 1 and 2, which he actually owned. I am further of the opinion that when his devisee failed to pay taxes under such assessment for the year 1941, and the lots were sold by the sheriff, purchased by the plaintiff, and not redeemed, the plaintiff became entitled to a deed which, though containing an incorrect description, would, in a court of equity, pass title to the lots intended to be assessed, provided, of course, her tax deed was in other respects valid and effective. It is clear that Caufield thought he was paying taxes on the two lots he purchased and actually owned. He and his devisee were as much parties to the incorrect assessment as was the State. They each treated it as an assessment of property actually owned by Caufield and his devisee. In my opinion, if this were a suit between the State as plaintiff to sell Lots 1 and 2, as forfeited for nonentry, and a showing was made of the incorrect assessment and payment of taxes thereunder on the part of Caufield, and the acquiescence of the State therein, no court would find that there had been a forfeiture of the lots actually owned and intended to be assessed. The situation does not change because a third party intervenes, and claims title to said property by reason of a tax deed. If the assessment was valid between Caufield and the State, as to said lots, it is necessarily valid in all matters connected with the tax deed. I think the cases of Cain v. Fisher, 57 W.Va. 492, 50 S.E. 752, 1015; Robey v. Wilson, 84 W.Va. 738, 101 S.E. 151; Leach v. Weaver, 89 W.Va. 49, 108 S.E. 494, while not identical with the case at bar, sustain the general principle that a clerical mistake, or even more serious errors, will not be allowed to interfere with the validity of a tax deed otherwise legal and valid. Any other ruling would be too dangerous to the security of land titles. Application of the rule laid down by the majority in the case at bar opens wide the door to claims that every imperfect or incorrect assessment is void, and forfeits to the State the property on which the owner, in good faith, had attempted to pay taxes. That is exactly this case. The Caufields for nearly a quarter of a century, under an incorrect assessment, thought they were paying taxes on the two lots they had purchased, and now find that their property had become forfeited to the State. The assertion of the defendant, the party claiming under them, that said property was forfeited cannot, in my opinion, be heard at this time. The Caufields certainly *81 could not have claimed that the lots were forfeited because they were as much bound by the assessment as was the State.
The majority opinion does not discuss the question of the claimed invalidity of the tax deed to the plaintiff, Marie Bailey. If this tax deed was invalid, it is due to the alleged failure to give notice by registered mail to the former owner at her last known place of abode. Even if this defect be established, I think Section 32, Article 3, Chapter 117, Acts of the Legislature, 1941, bars any attack on the deed for that reason after the 31st day of December of the third year following the sale.
Upon the whole, I would affirm the decree of the Circuit Court of Kanawha County.