The opinion of the court was delivered by
Watkins, J.
The relator complains that in the suit entitled Henry Meyer vs. T. B. Singreen, No. 15,082, depending in respondent’s court, he filed an exception and motion, through his counsel, to dissolve the plaintiff’s writ of provisional seizure in said suit issued for rent, mainly on the ground that the signature of the respondent had not been affixed to the affidavit plaintiff had made for the issuance of the writ; and that after the said exception had been filed, thus attracting his attention thereto, the respondent illegally and wrongfully affixed his signature thereto as notary public to perfect and complete the record, and thus defeat his exception and motion to dissolve.
And his contention is that the action of the respondent in this particular was illegal and unwarranted, and entitles him to relief by means of our writ of certiorari.
Per contra, the contention of the respondent is that in the matter of said suit referred to, he administered to the plaintiff, Meyer, the necessary oath, and caused him to affix his signature to the act and jurat in his presence, and caused the seal of his court to be thereto attached. That being at the time, busily occupied with various matters, he accidentally and inadvertently failed and omitted to affix Ms signature thereto; that when his attention was attracted to this omission by the filing of defendant (relator’s) exception, he proceeded at once to make the necessary correction by appending his *1422 signature as notai’y public to the affidavit nuno pro tuno, so as to make samé conform to the facts, and that the truth might appear, viz.: that the affidavit had been sworn to by the plaintiff Meyer in his presence.
His contention is, that he was legally and fully empowered so to do, and that relator’s charges are wholly grounless.
In Lewis vs. Daniels, 23 An. 170, our predecessors held th at the non-appearance of the judge’s signature to the jurat in obtaining a writ of injunction was a mere accidental omission, and that the signing by the judge of the order granting the injunction, which made special reference to the petition and affidavit, was one continuous act, and that the judge acted on the affidavit as having been made before him.
In English vs. Wall, 12 Rob. 132, it was held that the signature of the judge not appearing to have been signed to an affidavit for a writ of attachment, the order granting the writ having recited that the judge had read the petition and affidavit which immediately preceded the order, on the same paper, and the judge’s signature having been affixed to said order, the attachment should be maintained.
In this court it appears that the respondent signed the order for the issuance of the writ of provisional seizure, immediately below the unsigned affidavit, as was the case in the instances above cited.
We are of opinion that these cases are strictly applicable, and applying same to the instant case, we must conclude that the affidavit complained of was good and valid in law, and hence the act relator complains of as illegal was but the placing of his signature nuno pro tunc to an affidavit which was actually and really valid without it.
It is therefore ordered and decreed that the preliminary writ herein granted be set aside, and the relief prayed for by the relator be refused at his cost.