# CHARLESTON.

LEWIS *et al. v.* BRAGG.

Submitted January 24, 1900.—Decided March 31, 1900.

1. ATTACHMENT—*Affidavit—Fraudulent Disposition of Property.*
   Where a party who is engaged in the mercantile business owns several lots of land, and executes his negotiable note, payable in thirty days, for three hundred and sixty dollars, to a party to whom he is indebted before said note falls due; sells all of his stock in trade to a third party, and executes two deeds of trust for a considerable amount upon his real estate, when he was in fact insolvent; makes conflicting statements as to the terms of said sale, saying to one that he owed his vendee four hundred dollars, to be credited on the purchase money, and the residue paid to him in fifty dollar monthly installments; to another that his vendee had paid him part cash, and the residue was to be paid in installments; while to another he said the purchase money was to be paid in fifty dollar monthly installments, not claiming that his vendees owed him anything; and, when asked to give his order on the vendees in payment of said note, declined, saying he would pay it in his own way and time,—these facts strongly indicate that said merchant had disposed of his property with intent to defraud his creditors, and, if set forth in an affidavit filed by the party to whom said note was made payable, are sufficient to authorize an order of attachment. (pp. 710-711).

2. ATTACHMENT—*Affidavit.*
   While a supplemental affidavit for an order of attachment should be filed by the party who makes the original affidavit, such affidavit may be made by a third party, who is a credible person. (p. 711).

Error to Circuit Court, Fayette County.

Action by Lewis, Hubbard & Co. against W. H. Bragg. Judgment for defendant, and plaintiffs bring error.

*Reversed.*

PAYNE & HAMILTON, for plaintiffs in error.

C. W. DILLON, for defendant in error.

ENGLISH, JUDGE:

The firm of Lewis, Hubbard & Co., being about to institute a suit at law in the circuit court of Fayette County against W. H. Bragg, C. C. Lewis, Jr., one of said firm, filed his affidavit with the clerk of said court, for the purpose of obtaining an order of attachment against the estate of said Bragg, stating in said affidavit that the suit at law they were about to institute was for the recovery of a claim arising out of contract for the amount due on a negotiable note made by said Bragg to Lewis, Hubbard & Co., dated November 9, 1898, payable thirty days after date, for the sum of three hundred and sixteen dollars and sixty-three cents, and that he believed the plaintiffs were justly entitled to recover in said suit at least the amount in full of said note, to wit, three hundred and sixteen dollars and sixty-three cents, and that the following grounds existed for issuing an order of attachment in said suit: First, that defendant had assigned and disposed of his property, or a material part thereof, and was about to dispose of the residue thereof, with intent to defraud his creditors; second, that he was converting his property into money or securities with intent to defraud his creditors. And he stated the following as the material facts relied on by him to show the existence of the grounds upon which his application for said attachment was based: That the defendant, Bragg, had been until recently engaged in the saloon and general mercantile business in said county of Fayette; that he became indebted to sundry persons in considerable amounts, until his indebtedness exceeded the value of all his property, and that he became insolvent while carrying on said business; that during the month of November, 1898, he sold and disposed of all his stock in trade in his saloon and store near Coit, in said county of Fayette, to Ballard & Sanner; that said Bragg had stated to plaintiffs' agent that he owed said Ballard & Sanner the sum of about four hundred dollars, and that said sale was made partly in consideration of said four hundred dollar debt; that the balance was to be paid him in installments of fifty dollars per month; that no notes were taken in the transaction, and no cash received; that the said Bragg refused to give the plaintiffs any security for

their debt, and refused to have any portion of the amount
he claims to be due from said Ballard & Sanner applied to
the discharge of said plaintiffs' debt or the security there-
for; that defendant stated to another person that Ballard
& Sanner had paid him part cash, and the balance was to
be paid in installments, and made no mention whatever of
any indebtedness on his part to Ballard & Sanner; that
said Bragg stated to another person that he had made said
sale to Ballard & Sanner, and that they were to pay the
purchase money in installments of fifty dollars monthly,
and did not claim that he had been indebted to said Ballard
& Sanner in any amount; that the said Bragg had recently
made two deeds of trust, and acknowledged the same for
record, by which he had conveyed all of his real estate in
said county to secure Simms & Walker, a firm engaged in
the wholesale beer business at Montgomery, in the sum of
two hundred and sixty dollars; that at the time of making
said deeds of trust the defendant was and still is insolvent;
and that the object of said deeds of trust was to give Simms
& Walker an unlawful and fraudulent preference over the
plaintiff and other creditors of said defendant.

On the 24th of December, 1898, on this affidavit, the plain-
tiffs sued out of the clerk's office of said county an order
of attachment against the estate of the defendant, and
designated said Ballard & Sanner as persons indebted to,
or having in their possession the effects of, the defendant,
Bragg, and had the same levied on certain real estate as
Bragg's property. Ballard & Sanner were summoned as
garnishees. The defendant appeared, and moved to quash
the affidavit of C. C. Lewis, Jr., and to dismiss the attach-
ment issued thereon; which motion was sustained, and
the plaintiffs excepted, moved and asked leave to file sup-
plemental affidavits of A. W. Hamilton and J. T. Grose,
and tendered the same, which were ordered to be filed.
To this the defendant objected and excepted, and again
moved the court to quash said original and supplemental
affidavits; which motion was sustained, the affidavits
quashed, and attachment dismissed. To this ruling of
the court the plaintiffs again excepted, and applied for and
obtained this writ of error, assigning as error the action
of the court in quashing said affidavits and dismissing said
attachments.

The application for an attachment in this case is based upon two grounds set forth in the affidavit of C. C. Lewis, Jr., given above. It is contended by counsel for the appellee that the material facts thus set forth are insufficient to show a fraudulent intent on the part of the defendant. It appears from this affidavit that on November 9, 1898, the defendant executed to plaintiffs a negotiable note for three hundred and sixteen dollars and sixty-three cents, payable thirty days after date; that he was then carrying on a saloon and general mercantile business in Fayette County; and that during said month of November he sold and disposed of all his stock in trade to Ballard & Sanner, and within the thirty days preceding the maturity of said note he executed two deeds of trust upon his real estate in said county to secure Simms & Walker the sum of two hundred and sixty dollars. Now, we must presume that the plaintiffs, in allowing the defendant thirty days' time on his indebtedness to them, were influenced by the fact that said defendant was the owner of real estate levied on under the attachment, with a stock of merchandise in his possession in said county; yet before the thirty days expire his entire stock in trade is sold to Ballard & Sanner. To one party he says he owed them four hundred dollars; and the balance of the purchase money was to be paid in installments of fifty dollars a month, and that he took no notes and received no cash; to another he stated that Ballard & Sanner had paid him part cash, and the residue would be paid in installments, and mentioned no indebtedness to said firm; while to yet another he claimed the said firm of Ballard & Sanner were to pay him in installments of fifty dollars, and was silent as to any indebtedness to said firm. Upon a motion to quash, the facts stated in the affidavit must be regarded as true, and from the facts stated let us inquire the motive which prompted this defendant to dispose of all of the property he owned in said county or anywhere else. As it appears, he was insolvent. He knew that on the 9th day of December, 1898, his note for three hundred and sixteen dollars and sixty-three cents to plaintiffs would fall due, and an effort would probably be made to enforce its collection against his property; and the fact that he disposed of all of his personal property, and executed deeds

of trust upon his real estate, before said note matured, and
told different stories as to the consideration and manner of
its payment, strongly indicates that the motive prompting
this sudden riddance of his entire property and closing of
business was to defraud the plaintiffs, and prevent the col-
lection of said note.   In the case of *Delaplain* v. *Armstrong*,.
21 W. Va. 211, one of the material facts relied on was that
the defendant neglected and refused to make any arrange-
ment by which plaintiffs and other creditors would be se-
cured, and the Court said: "It does not appear from this
that either the plaintiff or any other creditors ever de-
manded any security for their debts, or that the defend-
ants had the means or ability to give such security."
Quite different in the case at bar.   Here the affidavit avers
that the said Bragg "refused to give the plaintiffs any se-
curity for their debt, and refused to have any portion of
the amount he claimed to be due from Ballard & Sanner
applied to the discharge of plaintiffs' debt, or the security
therefor."   Viewed in the light of these acts and declara-
tions of Bragg, can we ascribe any other motive to him than
that of defrauding the plaintiffs?   Again, the motive for
disposing of his property in the manner he did is appar-
ent, from the concluding clause of the affidavit of A. W.
Hamilton, where he states that Bragg declined and refused
to give him an order on Ballard & Sanner to apply any part
of the debt of plaintiffs, saying he would "pay in his own
way and time;" by which he meant, as we must construe
it, that he would pay when he got ready.

The defendant's counsel contends that the affidavits of
Hamilton and J. T. Grose were improperly filed by the
circuit court.   In considering this point, we remark, first,
that the strictness with which the attachment law has al-
ways been construed has been very materially relaxed by
the present statute, which allows the plaintiff to file a sup-
plemental affidavit; and this Court has held in *Goodman* v.
*Henry*, 42 W. Va. 527, (26 S. E. 528), 35 L. R. A. 847, that
"the provision in section 1, chapter 106, Code, allowing
time to file supplemental affidavit of other material facts to
show ground of attachment, is remedial, and should be
liberally construed."   This allows the plaintiff to file his ·
own affidavit, or that of some credible person; but, on ob-

jection to the sufficiency of such facts, the affiant shall have the right to file a supplemental affidavit, stating any other facts which may have come to his knowledge since the filing of the original affidavit, and which are relied on to show the existence of such grounds. In *Miller* v. *Zeigler*, 44 W. Va. 485, (29 S. E. 981), it is held that a supplemental affidavit in an attachment need not state expressly that the additional facts came to his knowledge since the first affidavit, and, as the original affidavit may be made by some credible person, so we hold the supplemental affidavit may be made by a like person.

The material facts stated in the supplemental affidavits are that the defendant executed two deeds of trust on his real estate to secure a debt to Simms & Walker, who, after filing said deeds in the clerk's office of the county court for record, withdrew the same before they were recorded; which fact would materially detract from the *bona fides* of the transaction, as deeds of trust to secure *bona fide* debts are uniformly promptly recorded; also that the defendant, after disposing of all of his goods to Ballard & Sanner. and making conflicting statements as to the terms of said sale and consideration therefor, refused to apply any portion of the same to plaintiffs' debt by giving an order on his vendees, and having, as he supposed, in a mysterious manner disposed of all of his property, defiantly stated that he would pay them in his own way and time.

Counsel for the appellee claims that the supplemental affidavit filed by J. T. Grose, clerk, is bad, because the facts therein stated occurred after the filing of the original affidavit. and says the same objection applies to the affidavit of said Hamilton. But in this he is mistaken. The affidavit states that affiant has read the description contained in the levy made by the sheriff under said order of attachment, and that the property therein described is the same conveyed in said deeds of trust, but he does not say the levy was made before the deeds of trust were executed, nor does he say the deeds were withdrawn either before or after said levy.

As to the affidavit of A. W. Hamilton, while it is true it was made subsequent to the original affidavit, the material

facts therein stated occurred prior to the filing of the original affidavit.

Counsel for the appellee also relies on the cases of *Capehart's Ex'r* v. *Dowery,* 10 W. Va. 130, and *Sandheger* v. *Hosey,* 26 W. Va. 225; but the facts in those cases are very different from the one at bar, and can have, therefore, little weight in determining the questions raised here. In *Frank* v. *Zeigler,* 33 S. E. 761, this Court held that "a transfer of his property by a debtor is void as to his creditors, even though the grantee pay the full value, and though it is applied on *bona fide* debts of the grantor, if the intent of the grantor in making the transfer was to hinder, delay, or defraud other creditors, and the grantee had notice of the grantor's fraudulent intent."

Do the material facts relied on in the affidavits show the existence of the grounds relied on sufficiently to base an attachment thereon? It seems that the defendant's contract was to pay plaintiffs' debt in thirty days. Instead of making any arrangement to do this, he proceeds to dispose of all of his property before the note falls due, and feels himself so successful in getting rid of his property that he allows his intent in so doing to crop out in his defiant replies to Hamilton as to paying when and how he pleased. We can construe these acts and declarations of defendant in no other way than that the disposal of his property was effected for the purpose of avoiding his contract and delaying and defrauding the plaintiffs in the collection of their debt. My conclusion is that the circuit court erred in holding the affidavits insufficient and quashing the attachments. The judgment is reversed, and the cause remanded.

*Reversed.*