# CHARLESTON.

### JULIA ISREAL LAMP, *et al., v.* W. P. JONES.

Submitted September 18, 1923.　Decided October 16, 1923.

1. EXECUTORS AND ADMINISTRATORS—*Assumpsit for Royalties Under Reservation in Deed Should be Instituted in Name of Personal Representation of Deceased Grantor; "Estate for Years;" "Chattel Real."*

   Where a grantor in a deed makes the following reservation: "Reserving the 1/16 royalty in all minerals produced from said farm for a period of fifteen years," he thereby creates an estate for years in the one-sixteenth of said minerals, which estate is a chattel real, and which upon the death of said grantor, passes to his personal representative, and an action of assumpsit, brought in relation thereto, should be instituted in his name.

Case Certified from Circuit Court, Pleasants County.

Action by Julia Isreal Lamp and others against W. P. Jones. A demurrer to the declaration was overruled, and the question certified.

*Reversed in part; affirmed in part.*

*G. D. Smith* and *C. P. Craig,* for plaintiffs.
*Ross Wells* and *S. A. Powell,* for defendant.

MCGINNIS, JUDGE:

This is an action of assumpsit, instituted in the Circuit

Court of Pleasants County, by the children and heirs at law of J. L. Isreal, deceased, against W. P. Jones. A demurrer to the declaration and each count, thereof, was interposed, by the defendant, and the demurrer was overruled by the court, and the declaration is certified here to ascertain, from this court, whether or not the lower court erred in overruling the demurrer.

There are two special counts and two of the common counts in assumpsit contained in the declaration. The first of the special counts charges that, on the 14th day of October, 1907, J. L. Isreal and Margaret L. Isreal, his wife, in consideration of the sum of $1400.00 paid, and to be paid as set forth in the deed, conveyed a 68-acre tract of land, lying in Lafayette District, Pleasants County, on the waters of McKim Creek, to one A. N. Riggs; that, in the granting clause of said deed, will be found the following reservations:

> "Reserving therefrom the 1-16 royalty in all minerals produced from said farm, for the period of fifteen years from this date."

That on the same day, the said Riggs conveyed said land to the defendant, W. P. Jones, and that in the deed, from Riggs to Jones, there is the following reservation and covenant:

> "Reserving therefrom 1-16 royalty in all minerals produced from the said farm for a period of fifteen years from this date, second party to use due diligence to have land tested for oil. The aforesaid reservation of mineral rights being made to cover the reservation made by J. L. Isreal and Margaret Isreal, his wife, in the deed made by them to A. N. Riggs, bearing date October 24, 1907."

It further alleges that the plaintiffs are the widow, children and heirs at law of said J. L. Isreal. The declaration, also, alleges:

> "That the reservation and exception of the 1-16 royalty in all the oil and gas produced from said land for a period of 15 years from the date of said deed,

was a part of and parcel of the oil and gas in place in the land and part of the inheritance not conveyed to A. N. Riggs; and that the same remained in the said J. L. Isreal, grantor, in fee simple absolute as his property and continued in him until his death, and, at his death, and before the expiration of the fifteen-year term, in said deed, would become and pass to and descend to his legal heirs if he died intestate, to these plaintiffs.''

The construction of this reservation is that this 1-16 royalty in all the mineral produced was reserved by the grantor, Isreal, and not conveyed to his grantee, Riggs, and was not to pass to him, except as produced, until the expiration of the fifteen years mentioned in the reservation; at the end of which time the fee simple title to all the land and every interest therein was to vest in his grantee or his assigns. Thus it will be seen that Isreal retained an estate for years in the minerals in the land. Can it be said that this interest in this land, and his right to charge 1-16 royalty, for that time, is an estate of inheritance which, upon the death of said Isreal, would pass and descend to his heirs? We do not so hold. If this reservation of a limited amount of minerals, for a limited time is a chattel real, as contended by the defendants, it does not descend to the heirs of Isreal but passes to his personal representative. Isreal reserved the title to 1-16 royalty, in place, for 15 years, and the producer is to deliver it to him, when produced during that period and, at the end of that time, all royalties pass to the land owner.

It is an estate for years in 1-16 of the minerals and therefore a chattel real, and did not pass to the heirs of the deceased Isreal. It was personal property and passed to his personal representative.

> ''Chattels, whether real or personal, are treated as personal property in every respect and, in case of the death of the owner, usually belong to the executor or administrator and not to the heir at law.'' Graves Notes on Real Property, sec. 10; Bouvier's Law Dictionary, 471; *Coal and Coke Company* v. *Tax Commissioner,* 59 W. Va., 610.
>
> ''Every estate which must expire at a certain period, fixed in advance, is an estate for years; every such

estate must have a certain beginning and a certain end. Under the Common Law, according to Blackstone, these estates are regarded as chattels.'' 10 R. C. L. sec. 19.

''Estates less than of the freehold, such as estates for years, are called chattel interests or estates; if they continue for a longer period than the life of the tenant they go like chattels to his personal representatives, his executor or administrator.'' Washburn on Real Property, sec. 125.

A suit, therefore, for a breach of the covenant in the deed from Riggs to Jones, for the benefit of the heirs of Isreal, brought under sec. 2 of ch. 71, Barnes' Code 1923, should be brought in the name of the personal representative of Isreal and not in the name of his heirs at law.

''Suits brought in respect to the personal property of the deceased, including chattels, real, must be brought by the executor or administrator.'' Modern Law of Assumpsit, Kittle, p. 82.

The second count charges the failure of the defendant to operate for oil and gas on the said tract of land, and that the defendant conspired with C. A. Jones, who owned an adjoining tract of 62 acres of land and who is the mother of this defendant, to cause the said 62-acre tract of land to be drilled for oil and gas within five feet of the dividing line between the said tract and the tract of 68 acres of land conveyed by Isreal and wife to Riggs, which said deed to Riggs and the deed from Riggs to the defendant contains the reservation and covenant referred to herein, and that the well so drilled yielded large quantities of gas, and that said well has sapped and drawn the gas from the said 68-acre tract so owned by the defendant and that one-half of the royalties derived therefrom belonged to the plaintiffs; that the defendant, though often requested, has wholly neglected to pay the plaintiffs for said royalty and which amounts to the sum of $2500.00. This count is bad on demurrer for the same reasons assigned for sustaining the demurrer to the first count. The 1-16 royalty reserved in the deeds in question was collectable by the administrator, and if the illegal and fraudulent taking is waived and the suit brought for the value of

the gas alleged to have been so taken and appropriated, the same should have been brought in the name of the administrator and the declaration so drawn, and not by the heirs of J. L. Isreal.

It may be said that the holding of the court in the case of *Lamp* v. *Locke,* 89 W. Va., 138, settles the question as to the proper parties to sue in this case. That case was a suit in equity and was brought in relation to the same reservation which is involved in this case, and brought by the same parties who are plaintiffs in this case—the widow and heirs at law of J. L. Isreal. The prayer of the bill was for a mandatory injunction compelling the defendants to drill an offset well to prevent the interest of the plaintiffs from being wasted and destroyed through a well drilled in five feet of the line of the property in which the reservation was made and which, at the time of his death, was the property of J. L. Isreal. In this property the widow and heirs had an equitable property right and they had the right to go into a court of equity and ask for its preservation, and the court so held, but that is not this case. This is an action at common law for the breach of a covenant, and for the payment of royalty under the reservation, and is based on the legal ownership of the estate at the time the breach occurred and at the time the royalties became due.

The third and fourth counts in the declaration being common law counts in assumpsit, and being drawn after the usual and approved form, are good counts, and the court did not err in overruling the demurrer to each of said counts.

The action of the lower court in overruling the demurrer to the first and second counts of the declaration is reversed; and the action of said court in overruling the demurrer to the third and fourth counts is affirmed, and it will be so certified.

*Reversed in part; affirmed in part.*