# CHARLESTON.

W. S. ISRAEL, Administrator of the Estate of J. L. Israel, deceased, *v.* W. P. JONES

(No. C. C. 361)

Submitted September 8, 1925.  Decided October 6, 1925.

APPEAL AND ERROR—PLEADING—*General Demurrer to Special Count Containing Two Items of Damage Should be Overruled, if One of Claims is Admittedly Valid; Supreme Court of Appeals, on Certificate, After Overruling Demurrer to Special Count Containing Two Items of Damage, One of Which Was Admittedly Valid, Will Not Pass on Validity of Questionable Claim.*

General demurrer to a special count containing two items of damage should be overruled if one of the claims is admittedly valid.  In such case this Court will not, on certificate, pass upon the validity of the questionable claim.

WOODS, JUDGE, Absent.

Case certified from Circuit Court, Pleasants County.

Assumpsit by W. S. Israel, administrator of the estate of J. L. Israel, deceased, against W. P. Jones.  After sustaining demurrer to special counts of an amended declaration, the trial court certified the case.

*Reversed.*

*G. D. Smith* and *C. P. Craig,* for plaintiff.
*S. A. Powell* and *Ross Wells,* for defendant.

LITZ, JUDGE:

The subject matter in controversy has been involved in several decisions of this Court.

October 24, 1907, J. L. Israel and Margaret Israel, his wife, conveyed to A. N. Riggs a tract of 68 acres of land, reserving:

"One-sixteenth royalty in all minerals produced from the said farm for a period of fifteen (15) years from this date";

and by deed of the same date Riggs conveyed the land to the defendant, W. P. Jones, reserving:

"One-sixteenth royalty in all mineral produced from the said farm for a period of fifteen years from this date, second party to use due diligence to have land tested for oil, the aforesaid reservation of mineral rights being made to cover the reservation made by J. L. Israel and Margaret Israel, his wife, in the deed made by them to A. N. Riggs, bearing date of October 24, 1907".

Israel died in the year 1913.

July 27, 1915, the defendant leased the land for oil and gas purposes to J. T. Locke, who with certain associates, operating as the Jones Farm Oil Company, in the year 1917 drilled a small oil producing well on the property. July 31, 1915, Locke leased from C. A. Jones, the mother of W. P. Jones, for oil and gas purposes an adjoining tract of 62 acres, on which he, W. P. Jones and others, doing business as the Locke Gas Company, in the year 1918 drilled a gas well within five feet of the line dividing the two tracts. September 20, 1921, we affirmed a decree of the Circuit Court awarding a mandatory injunction against J. T. Locke, W. P. Jones and others interested in both leases, compelling them to drill a gas well on the 68 acre tract to offset the well drilled by the Locke Gas Company on the C. A. Jones property. *Lamp et als. v. Locke et als.,* 89 W. Va. 138. The bill in the case, filed by the heirs at law of J. L. Israel, deceased, charged that the defendant, W. P. Jones, and C. A. Jones had combined and conspired with J. T. Locke and others, composing the Locke Gas Company, to drill the well on the C. A. Jones land for the purpose of taking the gas underlying the 68 acres, and that the Locke Gas Company by operating said well was draining the gas from the said 68 acre tract. Referring to the reservation in the deed from J. L. Israel and wife to A. R. Riggs, in the opinion of the case it is said:

"The Israel deed expressly reserves from the grant one-sixteenth royalty in all minerals produced from the land for a period of fifteen years, and conveys the land and minerals with this encumbrance on the minerals. The grantee does not bind himself to pay except by implication. If, per-

chance, he should extract the mineral he would be required to pay the reserved one-sixteenth royalty. Any one holding under him, either by purchase or lease, and extracting the mineral would be likewise bound. But whether this clause should be construed as a retention of a part of the mineral in place, or whether in the nature of the usual covenant for payment of royalty in mining leases, or whether as an additional consideration for the grant, it is immaterial to inquire for the proper disposition of this case. It is plain that the vendor has a property right expressly reserved to him in the conveyance of which all subsequent purchasers or lessees are bound to take notice''.

Following this decision, the widow and heirs at law of J. L. Israel, deceased, brought an action in assumpsit for damages against the defendant W. P. Jones, charging that, failing to operate for oil and gas on the 68 acres, he had conspired with C. A. Jones to have the 62 acre tract drilled for oil and gas within five feet of the line dividing the, two properties in order to drain the gas from the 68 acres, and that the well so drilled had sapped and drawn the gas therefrom.

Upon certificate to the action of the circuit court overruling demurrer to the declaration filed in the case, it was held that the reservation in the deed from J. L. Israel and wife to A. N. Riggs constituted a chattel real which, upon the death of J. L. Israel, passed to his personal representative, in whose name the action should be brought. *Lamp et als. v. Jones,* 94 W. Va. 586.

Thereafter this action, also in assumpsit, was brought by W. S. Israel, administrator of J. L. Israel, deceased, against the defendant W. P. Jones. The original declaration, containing averments similar to those set forth in the declaration filed in the first action, further alleged that J. L. Israel, in his lifetime, and Margaret Israel, his wife, were seized and possessed in fee simple of the 68 acres of land. Because of this allegation of joint ownership by the Israels, it was ruled on certificate that the right of action, by survivorship, belonged to Margaret Israel. *Israel v. Jones,* 97 W. Va. 173.

An amended declaration was then filed alleging that J. L.

Israel was at the time of the conveyance of the 68 acres to A. N. Riggs the owner thereof in fee simple, and that Margaret Israel never had any interest in the property except an inchoate right of dower. The Circuit Court having sustained a demurrer to the special counts of the amended declaration, has certified for our consideration the following questions:

> (1) Whether or not said action can be maintained by W. S. Israel as administrator of the estate of J. L. Israel, deceased, or whether all rights of action pertaining to the mineral reservation made by J. L. Israel and Margaret Israel in their deed to A. N. Riggs, survived in favor of the said Margaret Israel as the surviving grantor in said deed.

> (2) Whether or not the alleged covenant in the deed made by A. N. Riggs and wife to the defendant, W. P. Jones, to the effect that said defendant should use due diligence to have land tested for oil is a valid covenant in favor of the owner or owners of the fifteen year mineral reservation made by J. L. Israel and Margaret Israel, his wife, in their deed to the said A. N. Riggs.

> (3) Whether or not the special counts in said declaration alleged a state of facts showing a breach of said alleged covenant on the part of the defendant (assuming the same to be valid) since said alleged covenant relates exclusively to the testing of said land for oil, while the special counts in said declaration complain of the failure of the said defendant to have said land tested for gas.

The decision in *Lamp* v. *Jones,* cited, holding that the administrator was the proper party to sue, answers the first question, as the law of the case.

The declaration contains no count based solely upon the mere failure of the defendant to operate the 68 acres of land for minerals, but each count sets forth a clear cause of action for the gas taken from the 68 acre tract by the operation of the well on the C. A. Jones land. We are, there-

fore, not called upon to decide the question as to whether or not the covenant in the deed from A. N. Riggs to W. P. Jones, that the grantee should "use due diligence to have the land tested for oil", can be asserted in favor of the owner or owners of the reservation in the deed from Israel and wife to Riggs. *Leach* v. *Weaver,* 89 W. Va. 49, 108 S. E. 494.

For the same reason we cannot answer the third inquiry. Each of the special counts, although involved and somewhat unintelligible, sets forth an unquestionable cause of action to the extent of the damages sustained on account of the drainage of gas from the 68 acres of land by means of the well on the 62 acre tract, notwithstanding such damages may be difficult of ascertainment. *Steele* v. *American Oil Development Co.,* 80 W. Va. 206, 92 S. E. 410, L. R. A. 1917-E 975.

The action of the Circuit Court sustaining the demurrer to the special counts of the declaration is therefore

*Reversed.*