# CHARLESTON.

THOMAS COLEMAN *v.* F. L. LAWRENCE, M. J. NELSON and F. B. SHANNON, *Trustee.*

(No. C. C. 406)

Submitted January 11, 1928. Decided January 17, 1928.

APPEAL AND ERROR—*Appellate Court, Finding Bill Sufficient for One Purpose, Will Reverse Ruling Sustaining General Demurrer Without Further Inquiry.*

Where a general demurrer to a bill has been sustained and the ruling certified for review, the appellate court, upon finding the bill sufficient for one purpose, will reverse without inquiry as to the sufficiency of the bill in other particulars.

(Appeal and Error, 4 C. J. § 2541.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part ·of syllabi.)

Case Certified from Circuit Court, Kanawha County.

Suit by Thomas Coleman against. F. L. Lawrence and others, to set aside ·a conveyance as in fraud of creditors. After sustaining a general demurrer to the bill, the circuit court certified its ruling.

*Ruling reversed.*

*Thomas Coleman,* in pro. per.
*Hall & Ballard,* for defendants.

LITZ, JUDGE:

The circuit court having sustained a general demurrer to the bill, upon the joint application of the parties, certified its ruling under section 1, chapter 135, Code.

According to the allegations of the bill, plaintiff, Thomas Coleman, as owner, and defendant, F. L. Lawrence, as contractor, entered into a written contract May 6, 1926, whereby the contractor in consideration of $5900.00, agreed to furnish the labor and materials for construction, according to plans and specifications, of a dwelling house and garage in the city of Charleston; the contract provided for additions to and deductions from the plans and specifications by agreement of the parties in writing; in the course of erecting the buildings the plans and specifications were changed by numerous additions and deductions; notwithstanding Coleman had overpaid Lawrence to the amount of $1422.55, the latter instituted an action against the former for an alleged balance of $1635.36; Lawrence is insolvent and by deed dated November 6, 1926, conveyed, without consideration, to his father-in-law, the defendant, M. J. Nelson, certain valuable land in Kanawha county (all of the real estate owned by Lawrence), for the purpose of hindering, delaying and defrauding his creditors, and especially to hinder, delay and defraud the plaintiff in the collection of the amount alleged to be due him by Lawrence.

The bill further alleges that the defendant Lawrence, by deed dated October 28, 1926, conveyed the same real estate to the defendant F. B. Shannon, trustee, to secure a claim of E. J. Grace in the sum of $1,000.00, but does not directly challenge the validity of this conveyance.

The bill prays that the defendants, F. L. Lawrence and M. J. Nelson, be required to answer under oath; that the several defendants "their agents and all others be enjoined and restrained from selling, leasing or encumbering in any manner whatsoever" the said real estate until the further order of the court; that the defendant Lawrence, "his attorneys at law, agents and all other persons be likewise enjoined and restrained from further proceedings in said action at

law," until the further order of the court; that "an account be taken of the transactions" between the plaintiff and Lawrence "relating to the construction of the said house and garage"; that the deed from Lawrence to Nelson be set aside in so far as it affects the rights of the plaintiff; that judgment be entered in favor of the plaintiff against Lawrence and said real estate sold to satisfy the same.

Whether there is equitable jurisdiction for an accounting between the parties by reason of the intricacy of their respective claims or as incident to the independent ground of equity to cancel the deed from Lawrence to Nelson, which we do not decide, the bill is nevertheless sufficient to confer equitable. jurisdiction for the purpose of canceling the deed. The bill therefore being sufficient for one purpose, it was improper for the court to sustain the general demurrer. Where a general demurrer to a bill has been sustained and the ruling certified for review, the appellate court, upon finding the bill sufficient for one purpose, will reverse without inquiry as to the sufficiency of the bill in other particulars. *Leach* v. *Weaver,* 89 W. Va. 49; *Israel* v. *Jones,* 100 W. Va. 38.

The ruling of the circuit court sustaining the demurrer to the bill is therefore reversed.

*Ruling reversed.*