NICHOLAS LAND COMPANY *v.* MAUDE CROWDER *et al.*

(CC 693)

Submitted October 3, 1944. Decided November 14, 1944.

*D. W. Taylor* and *Brooks B. Callaghan,* for plaintiff.

*G. Dana Herold* and *Mahan, Bacon & White,* for defendants.

LOVINS, JUDGE:

Nicholas Land Company, a corporation, instituted this suit against Maude Crowder and L. F. Herold to set aside three deeds of conveyance as clouds on plaintiff's title to certain lands situate in Nicholas County, West Virginia. The trial court sustained demurrers to plaintiff's original and its amended and supplemental bills of complaint, and of its own motion certified to this Court nine questions arising on the rulings so made.

According to plaintiff's bills of complaint the material facts on which it relies for relief are as follows: Plaintiff is a domestic corporation whose charter was granted on May 18, 1931. On the following day it acquired title to 105 acres of land in fee, except oil and gas, and also title to five other tracts of coal and mining rights having a fair market value of $30,000.00.

The Attorney General of the State of West Virginia, or some other official of the State, caused a paper to be printed bearing date August 11, 1936, in the form of a writ commencing a suit in the Circuit Court of Kanawha County, West Virginia. The paper was neither subscribed nor issued by the Clerk of the Circuit Court of Kanawha County, but the name of that official was printed thereon at the place where a signature is usually subscribed. The paper contained a command that the Sheriff of Kanawha County summon Nicholas Land Company and four hundred twenty-six other corporations, domestic and foreign, to answer a bill in chancery of the State of West Virginia. No service was made by the sheriff. Instead of such service, words purporting to be an acceptance of service by the Auditor of the State of West Virginia were printed on the paper, to which a printed facsimile signature of the auditor was appended.

The State's bill of complaint, filed at September Rules,

1936, alleged, *inter alia,* that Nicholas Land Company owed the sum of $25.00 as corporation license tax for the year beginning July 1, 1935. The bill was taken for confessed at October Rules, 1936, and the cause was set for hearing as to Nicholas Land Company and others. The next regular term of the Circuit Court of Kanawha County commenced on the second Monday in January, 1937. Notwithstanding that the suit was not matured for hearing, the Circuit Court of Kanawha County on November 16, 1936, entered a decree which adjudged that the State of West Virginia recover from Nicholas Land Company the sum of $25.00 and a proportionate share of the costs of the suit; and that the charter rights and franchises of said company be forfeited. Said decree also appointed, without notice of application therefor, a special receiver of the corporate assets, including the real estate, and directed the special receiver to convert the property of Nicholas Land Company into cash, subject to the court's approval.

No other proceedings affecting Nicholas Land Company were had until August 15, 1939, at which time the special receiver reported that after investigation he was unable to discover any assets of value belonging to it, other than the lands and interests therein heretofore mentioned; that they were of little value; that he had been offered an amount sufficient to pay the judgment of $25.00 aforesaid and a proportionate part of the costs of this suit; and that the amount offered was an adequate price. On the same day the foregoing report was filed, the Circuit Court of Kanawha County entered a decree in which the court filed and approved said report, found that no liens or encumbrances existed against Nicholas Land Company or its assets other than the judgment in favor of the State of West Virginia, that said judgment was a lien on all the property of Nicholas Land Company prior to any liens other than those for State, county and district taxes, and the costs of this suit, and adjudged the costs chargeable against Nicholas Land Company as $100.00. By the same decree the court found the value of the land to be less than five hundred dollars and decreed that, unless Nicholas Land

Company pay the lien debt so adjudicated before August 17, 1939, the special receiver sell, without advertisement, all of the land and mining rights hereinbefore mentioned, and ordered that the special receiver pay first the costs and expenses of the suit and next the lien of the State's decretal judgment.

On August 17, 1939, the special receiver reported that he had made private sale of said land and mining rights to H. W. Crowder for the sum of $125.00, recommended that said sale be confirmed, and that the proceeds thereof be applied to the payment of the amount of costs chargeable to Nicholas Land Company, amounting to $100.00, and that the residue of said proceeds be applied to the payment of the decretal judgment in favor of the State of West Virginia.

The Circuit Court of Kanawha County, by a decree entered the same day, confirmed the last-mentioned report and the sale reported therein, directed that the special receiver execute and deliver to the purchaser a deed of conveyance; and ordered the distribution of the proceeds of the sale in accordance with such report. The special receiver made a final report on August 17, 1939, showing disbursements of the proceeds of sale according to the decree last mentioned, and, by a final decree entered on that day, the court confirmed said final report and retired the cause from its docket as to Nicholas Land Company.

H. W. Crowder, the purchaser, died intestate on or about November 28, 1939, survived by four children, his heirs at law, and his widow, Maude Crowder, one of the defendants in this suit. By deed bearing date December 22, 1939, the four heirs at law conveyed all their interest in said lands and rights to Maude Crowder, the widow, who, by deed bearing date April 14, 1943, conveyed an undivided one-third interest therein to L. F. Herold, the other defendant in this suit.

Plaintiff in this suit avers on information and belief that it had no notice of the pendency of the suit in Kanawha County, which was instituted under authority of Code, 11-12-77.

Nicholas Land Company prays that the three deeds of conveyance above mentioned be set aside, contending that all the decrees entered by the Circuit Court of Kanawha County are void.

The questions certified by the Circuit Court of Nicholas County in substance are as follows:

(1) Whether the Nicholas Land Company now has the capacity to maintain this suit, and, if so, do its bills of complaint allege sufficient facts to entitle it to equitable relief?

(2) Was the writ commencing the suit in Kanawha County legally signed, issued, and served on Nicholas Land Company, and, if not, are the decrees pronounced in that suit void?

(3) Was the appointment of the special receiver valid?

(4) Should the Circuit Court of Kanawha County have required the assets of Nicholas Land Company to be marshaled and its creditors and stockholders convened before entering the decrees of sale and ordering a distribution of its assets?

(5) Did the sale of Nicholas Land Company's property without advertisement pass a valid title thereto?

For reasons to be stated herein, it is unnecessary to discuss or resolve questions 3, 4, and 5 set forth above.

If the plaintiff has no right to maintain this suit all other questions certified are academic and require neither discussion nor answer. If no writ commencing the suit in the Circuit Court of Kanawha County was issued and served on Nicholas Land Company, its corporate capacity was not impaired by any decree entered in that suit. Nicholas Land Company has sufficient corporate capacity to maintain the present suit, it being here asserted that no valid disposition of its property was made by reason of the suit in the Circuit Court of Kanawha County. *Coal Co.* v. *Ashcraft,* 123 W. Va. 586, 596, 17 S. E. 2d 444.

Proof of the facts alleged in the bills of complaint in our opinion would constitute sufficient basis for the relief prayed for therein.

This suit is an attack on the decrees made and proceed-

ings authorized by the Circuit Court of Kanawha County by reason whereof plaintiff's property was sold. Nicholas Land Company here alleges that the purported process on which said decrees and proceedings are based was neither signed nor issued by the Clerk of the Circuit Court of Kanawha County. In *Pendleton* v. *Smith*, 1 W. Va. 16, it was held that a writ, summons or other process issued by the clerk of a court must be attested by him in his own proper name. That decision was predicated on a constitutional provision of the State of Virginia, which required that writs "be attested by the clerks of the several courts." No such provision is found in the Constitution of the State of West Virginia. A similar question was again presented to this Court in the case of *Ambler, Trustee* v. *Leach, et al.,* 15 W. Va. 677, in which the Court held that a writ otherwise regular, bearing no date and not signed by the clerk was voidable, that by timely action such writ could be avoided and that in the absence of such action a decree or other proceeding based thereon is valid. The view has been expressed that the holding in the *Ambler* case was in a measure departed from in the case of *Laidley's Adm'r.* v. *Bright's Adm'r.,* 17 W. Va. 779, but examination of the opinion in the latter case fails to support that conclusion. The Court in the *Laidley* case had under consideration a motion made in the trial court to reverse a judgment rendered therein by default four years and seven months before such motion was made. It was held in the *Laidley* case that an unsigned summons could not be amended by adding the signature of the clerk to the writ after service thereof had been made by the sheriff. Furthermore, this Court in the *Laidley* case reiterated the rule with reference to an unsigned writ as stated in the case of *Ambler, Trustee* v. *Leach, et al., supra.* An unsigned order of attachment was considered by this Court in the case of *Miller* v. *Zeigler,* 44 W. Va. 484, 29 S. E. 981, and it was there held that such order was voidable. By way of dictum it has been said that an unsigned writ is so fatally defective that no amendment can be made. *Fisher* v. *Crowley,* 57 W. Va. 312, 316, 50 S. E. 422. However, the *Ambler* case above cited

establishes the rule that a writ commencing a suit not signed by the clerk is voidable only, and a decree or proceeding based thereon is not subject to collateral attack. This long-standing rule is essentially one of procedure, but we apprehend that property rights may have been acquired as the result of judicial sales, that such rights may be grounded on unsigned process, and we therefore refrain from adopting an opposite view. Were the question one of first impression, this Court, as presently constituted, would be inclined to hold an unsigned process void as bearing no evidence of genuineness or validity.

It should be borne in mind that the clerical preparation and attestation of process does not include its issuance. Writs under the State's authority must run in the name of the State of West Virginia. Constitution, Article II, Section 8. Process commencing a suit is issued on the order of the plaintiff, his attorney or agent, and embodies a command that an officer summon defendant to answer a bill or declaration. After its issuance no alteration or addition thereto may be made except by the clerk. Code, 56-3-4. A clerk of a court of record is required to keep a process book. Code, 56-3-6. Upon the filing of an amended declaration or bill, supplemental bill, or bill of revivor, the clerk of the court wherein such pleading is filed is specifically required to issue process summoning defendant to plead or answer the amended bill or declaration. Code, 56-4-25. But no other statutory provision requires the issuance of process by the clerk. However, this Court has said that "* * * process to commence a suit or action is issued by the clerk on the order of plaintiff or his attorney or agent * * *". *Abney et al.* v. *Ohio Lumber & Mining Co.*, 45 W. Va. 446, 32 S. E. 256. The issuance of a writ commencing a suit is an act to be performed by the clerk of the court in which the suit is to be instituted. Process is not issued until the summons is sent from the clerk's office under his direction, sanction and authority for the purpose of service. *Houston* v. *Thornton*, 122 N. C. 365, 29 S. E. 827, 830. See *Snell* v. *Knowles* (Tex. Civ. App.),

87 S. W. 2d 871, 876; and *Ferguson* v. *Estes & Alexander* (Tex. Civ. App.), 214 S. W. 465, 466.

The amended and supplemental bill of complaint in this suit alleges that the writ commencing the suit in the Circuit Court of Kanawha County was not issued by the clerk of that court. A writ lacking such issuance is void and ineffectual for the institution of a suit, and any proceedings by default based thereon are nullities.

It is argued that the acceptance of service by the auditor is fatally defective for the reason that such acceptance is not signed by the auditor, only a printed facsimile signature being appended thereto. An officer making a return of process is required to subscribe his name to such return, and where it is made by a deputy, the deputy is required to subscribe thereto the name of his principal as well as his own. An equally strict and analogous rule should apply where process is accepted.

There is another question of a graver nature involved in this suit: Where the Auditor of this State is the official charged with the collection of a debt due the State of West Virginia, has he power and authority to accept service of process in a suit brought by the State to compel payment? The auditor is required to collect license taxes from domestic corporations. Code, 11-12-70. If not paid when due, and after proclamation by the governor of such delinquency, a suit shall be brought to forfeit the charter rights of the delinquent corporation and to compel the payment of the taxes due. Code, 11-12-77. Service of process in such suit is governed by the same rule as service of process in other suits. Code, 11-12-78. The auditor is attorney in fact for every corporation created under the laws of the State of West Virginia and every foreign corporation doing business therein, and has authority to accept service of process on behalf of such corporations. Code, 31-1-71. The statutory provision conferring such authority is constitutional. *State* v. *Petroleum Co.*, 58 W. Va. 108, 51 S. E. 865. The statute is sufficient to authorize the auditor to accept service of process in a suit in which he has no interest. But he cannot be permitted to do so

where it is his duty to collect the debt on which the suit is brought. No reasonable contention can be made that a person may accept service of process commencing a suit in which he is plaintiff. The provisions of the Fourteenth Amendment to the Constitution of the United States and of Article III, Section 10 of the Constitution of West Virginia, requiring due process of law forbids such action. Although the interests of the auditor are official rather than personal, they are antagonistic to the interests of the corporations for which he could ordinarily accept service of process. The statutory duty to collect the license tax from Nicholas Land Company is incompatible with the representative capacity of the auditor as to acceptance of service of process commencing a suit to recover the amount of the tax. The decrees entered and proceedings had in the Circuit Court of Kanawha County predicated on the acceptance of service by the auditor are void. See *People* v. *Feicke* (Ill.), 96 N. E. 1052.

Having found that plaintiff's bills of complaint plead facts concerning the issuance and acceptance of service of process commencing the suit in Kanawha County, which on demurrer are sufficient, no further inquiry is necessary as to the sufficiency of the other allegations therein. *Wheeling* v. *Telephone Co.*, 82 W. Va. 208, 95 S. E. 653; *Leach* v. *Weaver*, 89 W. Va. 49, 108 S. E. 494; *Israel* v. *Jones*, 100 W. Va. 38, 130 S. E. 136; *Coleman* v. *Lawrence*, 105 W. Va. 6, 141 S. E. 397. Nevertheless, it is proper to point out that where property, real or personal, is sold as the property of Nicholas Land Company is alleged to have been sold, and there is a wide discrepancy between the sale price and the actual value thereof, the proceedings authorizing such sale should be subjected to careful scrutiny.

Accordingly, the rulings of the Circuit Court of Nicholas County are reversed.

*Reversed.*